REINHARDT, Circuit Judge,
joined by PREGERSON, WARDLAW, W. FLETCHER, FISHER, PAEZ, and BERZON, Circuit Judges, dissenting from the denial of en banc rehearing:
This is a death penalty case in which, due to the panel’s perceived need to resolve, all-too-hastily, several important issues arising out of the recently-decided case of Maples v. Thomas, —U.S. -, 132 S.Ct. 912, 181 L.Ed.2d 807 (2012), the majority, without proper briefing, made a number of serious errors that warrant review by the en banc court. So great was its perceived need for speed that the panel was still amending its order and changing its rationale while the en banc process was underway. Stokley, the individual whose life was at stake, was afforded little opportunity to explore the issue that the majority of the panel raised sua sponte, and then held to be dispositive. Nevertheless, a majority of the court voted to let the panel majority’s order stand. As a result of our failure to go en banc, an execution which is scheduled for next week will occur, in violation of fundamental constitutional principles, absent intervention by the Supreme Court—the only remaining body that can ensure that Stokley receives his constitutional rights.
The case arises from Stokley’s motion for a stay of mandate and for a remand to the district court in light of the Court’s recent decision in Maples.[1] Stokley claimed that, like Maples, he had been abandoned by his post-conviction counsel, and that this abandonment constituted adequate cause to excuse his failure to raise on state post-conviction review the claim that, on direct appeal, the Arizona Supreme Court had violated Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). The panel does not, in its amended order, contest Stokley’s Maples claim, except to hold that he suffered no prejudice as a result.
Eddings makes clear that a defendant is entitled to rely on any mitigating evidence that might make a fact-finder less likely to impose a death sentence—including evidence that does not have a causal connection to the crime at issue. 455 U.S. at 114-15, 102 S.Ct. 869. The Arizona Supreme Court violated Eddings in its decision affirming the death penalty imposed on Stokley, by failing to consider mitigating evidence that did not have a nexus to *1012 his crime.[2] The panel majority excuses the Arizona Supreme Court’s violation of Eddings as merely harmless error, thus deciding, sub silentio, that an Eddings error is subject to harmless error analysis. It then holds that Stokley is unable to demonstrate the prejudice necessary to excuse the procedural default of his Eddings claim, and on that basis denies his motion for a stay of mandate and for a remand to present his claim, under Maples, that he was abandoned by his attorney—and ultimately the right to a proper review of his capital sentence by the Arizona Supreme Court under standards consistent with the Constitution.[3]
We err in declining to convene en banc to address this capital case, for several reasons. First, we should decide en banc the question of whether a court’s error under Eddings is structural or is subject to harmless error analysis. Second, even if an Eddings error were not structural, we should decide en banc whether the panel ought to have reached that issue—an issue that was not properly presented to it—or should first have remanded it to the district court. Finally, even if the error were not structural and if we were not required to remand as to prejudice, we should have determined whether the state carried its burden of showing that the error was harmless.
Whether a court’s error under Eddings is structural or is subject to harmless error analysis is an unresolved question of exceptional importance. The circuits are divided on the question; the Fifth Circuit has held that such an error is structural, while other circuits have held the opposite. Compare Nelson v. Quarterman, 472 F.3d 287, 314-315 (5th Cir.2006) (en banc), cert. denied, 551 U.S. 1141, 127 S.Ct. 2974, 168 L.Ed.2d 719 (2007) with Bryson v. Ward, 187 F.3d 1193, 1205 (10th Cir.1999) (collecting cases applying harmless error review). Even our own court’s decisions appear divided on this issue. Compare Williams v. Ryan, 623 F.3d 1258, 1270-71 (9th Cir.2010) (conducting no harmless error analysis) with Landrigan v. Stewart, 272 F.3d 1221, 1230 & n. 9 (9th Cir.2001). The Supreme Court has previously granted certiorari to address this question, see Smith v. Texas, 549 U.S. 948, 127 S.Ct. 377, 166 L.Ed.2d 265 (2006) (mem.), although it nevertheless eventually declined to address it, see Smith v. Texas, 550 U.S. 297, 316, 127 S.Ct. 1686, 167 L.Ed.2d 632 (2007) (Souter, J., concurring). A petition for certiorari raising this precise question is currently pending before the Supreme Court. See Thaler v. McGowen, No. 12-82 (U.S. filed July 17, 2012), available at 2012 WL 2992072.
The panel’s hastily-reached decision, without adequate briefing, that such error is not structural is simply inconsistent with the Supreme Court’s precedents regarding the importance, in capital cases, of permitting the fact-finding body to properly weigh all mitigating factors. These precedents require that the fact-finding body give meaningful weight to mitigating factors—a requirement that is as much substantive as it is procedural. See Penry v. Lynaugh, 492 U.S. 302, 319, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989) (“[I]t is not enough simply to allow the defendant to present mitigating evidence to the sentencer. The sentencer must also be able to consider and give effect to that evidence in imposing sentence.” (emphasis added)), ab *1013 rogated on other grounds by Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). Such an error cannot be cured by this court, and particularly, given the deference due to the state court, by this court sitting in habeas review. We should not engage in an independent weighing of these factors, especially when the state court originally did so under a mistaken conception of its legal duty. Such an independent weighing creates the substantial “risk that the death penalty will be imposed in spite of factors which may call for a less severe penalty.” Penry, 492 U.S. at 328, 109 S.Ct. 2934 (citing Lockett v. Ohio, 438 U.S. 586, 605, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978)) (remanding for a re-determination of the aggravating and mitigating factors). That risk, as the Supreme Court has held, is “unacceptable and incompatible with the commands of the Eighth and Fourteenth Amendments.” Id. Thus, not only should we go en banc, but we should conclude that the error is structural, and that the Arizona Supreme Court should be given the opportunity to apply the proper Constitutional standards.
Further, even were we to conclude that an Eddings violation is not structural, the panel majority’s decision to address the question of prejudice would constitute error. The state made no mention of this question in its opposition to Stokley’s motion for a stay of mandate, and the district court had had no opportunity to consider Maples at all. The simplest course would have been to remand, to give both parties the opportunity to fairly address the issue and to obtain the views of the district court. See, e.g., Maples, 132 S.Ct. at 927-28 (remanding for a determination regarding prejudice); Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 1320-21, 182 L.Ed.2d 272 (2012) (same). The panel, however, did not remand—instead, it addressed the issue of prejudice sua sponte, despite the state’s failure to raise it. This is particularly surprising, given that, if an Eddings error is not structural, the state bears the burden of demonstrating that the error is harmless. See Hitchcock v. Dugger, 481 U.S. 393, 399, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987) (noting the state’s duty to demonstrate that error is harmless, and holding that “[i]n the absence of such a showing our cases hold that the exclusion of mitigating evidence of the sort at issue here renders the death sentence invalid.”).
As it was, the first substantive discussion of prejudice in this case was in the panel majority’s original order denying Stokley’s motion—although prejudice was simply an alternative basis for the order. The principal basis for the majority’s holding was that Stokley had not been abandoned by his counsel, and thus that no cause existed for the procedural default. Stokley’s first opportunity to brief the issue of prejudice was in his petition for en banc rehearing, although he was compelled to argue primarily that the panel erred in holding that he had not been abandoned by counsel under Maples and that the he had not waived the issue of prejudice. The panel majority paid little heed to Stokley’s briefing: a mere two days after his petition for en banc rehearing was filed, this court denied it; later that day, the panel majority amended its order—-not to reflect Stokley’s limited briefing regarding prejudice, but rather to render the issue of prejudice the sole basis of its amended order (thus eliminating all discussion of the merits of Stokley’s Maples claim), while leaving its discussion of prejudice largely unchanged.[4]
Finally, even if the Eddings violation in this case were subject to harmless error review, and even if it were appropriate for *1014 the panel to reach the issue without a remand to the district court, it is clear that the Eddings error in this case was indeed prejudicial. If we are to determine whether there is harmless error here, then the Court’s decision in the Eddings line of cases must be our guide: the focus of our inquiry ought to be whether there is a “risk that the death penalty will be imposed in spite of factors which may call for a less severe penalty.” Penny, 492 U.S. at 328, 109 S.Ct. 2934 (citing Lockett, 438 U.S. at 605, 98 S.Ct. 2954 (1978)). Here, the comity and federalism concerns that typically limit our inquiry when we sit in habeas review, see Cullen v. Pinholster, — U.S. -, 131 S.Ct. 1388, 1401, 179 L.Ed.2d 557 (2011), suggest that the Arizona Supreme Court should be given an opportunity to re-weigh these factors when that risk is at least substantial, as it is here. This is particularly so given that the Arizona Supreme Court undertakes an independent and de novo weighing of aggravating and mitigating factors in its initial review of every capital case (including this one), and thus is uniquely situated to cure this error as well as being already familiar with the facts of this case. See State v. Stokley, 898 P.2d at 454.
Here, there clearly is a sufficient risk that the death penalty will be imposed in spite of factors that call for lenity. The Arizona Supreme Court permitted an Ed-dings error to affect its consideration of at least three of the mitigating factors it considered. See State v. Stokley, 898 P.2d at 469 (substance abuse), 470 (head injuries and impulse control), 473 (family history and childhood abuse). Although, as the Arizona Supreme Court pointed out, these factors did not have a direct nexus to the crime in question, the court’s refusal to grant them weight undoubtedly limited its ability to “express[] its ‘reasoned moral response’ to that evidence in rendering its sentencing decision.” Id. That this risk exists is particularly likely in light of the fact that Stokley’s co-perpetrator—who actually instigated the crime—received a sentence of only 20 years, and has already been released from prison. The facts of this crime, absent a consideration of Stok-ley’s particular circumstances, thus do not inexorably lead to a finding that the death penalty should have been imposed. Thus, were we to engage in a harmless error analysis, we should hold that Stokley had established the requisite prejudice with respect to his Maples claim.[5]
For these reasons, I respectfully dissent.

. The panel does not contest that this motion is properly raised as a motion to stay the mandate. It had issued a published opinion before Maples was decided, but there it addressed an entirely different underlying claim. Stokley v. Ryan, 659 F.3d 802 (9th Cir.2011).

. See, e.g., State v. Stokley, 182 Ariz. 505, 898 P.2d 454, 473 (1995) (disregarding evidence of "chaotic and abusive childhood” because Stokley "failed to show how this influenced his behavior on the night of the crimes”).

. Although the panel here erroneously found no prejudice, it did not rule on the question of cause in its amended order, and a remand, on that question at least, would be necessary.

. The panel's original order was based, in part, on an alleged representation by Stok-ley’s counsel that no remand was necessary on the issue of prejudice. See Maj. Op. (Nov. *1014 15, 2012) at 3 n. 1 ('‘Stokley’s counsel ... did not raise any issues that required factual development through the requested evidentiary hearing.”). The recording of oral argument clearly conveys counsel’s statement to the contrary—-that further development of the record was needed because "there has never really been a discussion of prejudice” and Stokley’s pleadings regarding the issue were simply "notice pleading.” The panel’s amended opinion omits the assertion that counsel has waived this issue.

. The more proper body to undertake this analysis, however (if not the Arizona Supreme Court), is the district court. The district court could make this decision on remand with the benefit of a thorough examination of the full record before the state court—examining the evidence and arguments made in support of each aggravating and mitigating factor—as well as with full briefing and argument.